While I agree with the conclusion reached by the majority, I write separately to address a subtle yet important distinction between In reAdoption of Lowery (Apr. 14, 1997), Licking App. No. 96-CA-00055, unreported, 1997 WL 219058, the case relied upon by the majority, and the case sub judice. The court in Lowery noted that Civ.R. 73 (E) (7) offers an additional manner of service. The court also referred to the Staff Notes to Civ.R. 73 which state that Civ.R. 73 (E) (7) "recognizes the court's power and specifically allows the court to tailor service of notice to particular needs." I agree with the majority and the Lowery
court on those propositions.
A key distinction between the case sub judice and Lowery is that inLowery, the trial court tailored the manner of service of notice prior
to the hearing on the adoption. In this case, the trial court simply ordered that "notice be given as required by law." Appellee proceeded to attempt service of notice by publication under Civ.R. 73 (E) (6). Appellee admittedly failed to file an affidavit setting forth the necessity for service by publication prior to utilizing such service. Nonetheless, appellee maintains that the court took testimony at the hearing on the adoption that appellee had exercised diligence in attempting to locate appellant. Arguably, this could be inferred from the court's conclusion in its order after the hearing that notice had been provided to all interested parties.
Whether or not there was such testimony, the court effectively ratified a method of service chosen by appellee, not the court, and that was not in compliance with any of the methods set forth in the rule. I do not believe that Civ.R. 73 (E) (7) gives the court the means to make an after-the-fact determination that a method of service, chosen by the petitioner, not the court, and not in compliance with any of the specific methods set forth in rule, was nonetheless. sufficient as a matter of law.
Civ.R. 73 (E) (7) states that service of notice may be "[b]y other method as the court may direct." It does not state "[b]y other method as the petitioner may direct." I believe that the plain language of Civ.R. 7.3 (E) (7) and the Staff Notes thereto contemplate an alternative method of service tailored and clearly set forth by the court prior to attempting service and not a ratification of some method falling short of full compliance with a specific method set forth in the rule.
I would reverse the trial court's decision for appellee's failure to comply with the affidavit requirement clearly spelled out in Civ.R. 73 (E) (6).